Taylor v. Railroad.

JULIUS A. TAYLOR v. MEMPHIS & CHARLESTON RAIL-
ROAD COMPANY.

PLEADINGS AND PRACTICE. *Bonds and coupons. Suit upon coupons.*
*Guarantor.* The City of Memphis issued bonds, with coupons for
interest. The Memphis & Charleston Railroad Company endorsed
upon the bond a guaranty of prompt payment and interest. *Held,* a
holder of a detached coupon may sue the guarantor in his own name,
and he is not required to use the name of the holder of the bond.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby
county.   J. O. PIERCE, J.

W. H. CARROLL, METCALF & WALKER for Taylor.

HUMES & POSTON for Railroad.

DEADERICK, C. J., delivered the opinion of the court.

This cause, with a number of others, was tried
and determined by the circuit judge, without the
intervention of a jury, and judgment rendered for
the defendant, from which the plaintiff has appealed
in error.

The suits were begun before a magistrate, upon
the defendant's guaranty of the payment of bonds
and coupons of the city of Memphis.

The suit is brought to recover the amount of a
number of coupons detached from different bonds.
The coupons sued on are all past due.   The obli-

gation of the bonds from which the coupons were clipped, is to pay semi-annually, in the city of New York, on the first of July and first of January of each year, the interest, at the rate of 6 per cent, "on the presentation and surrender of the proper coupons hereunto annexed." The form of the coupons is as follows:

"CITY OF MEMPHIS. Warrant 54, for thirty dollars, being for six month's interest on bond No. 826, payable on the first day of January, 1881, in the city of New York.

"$30. A. B. TAYLOR,

"Mayor of the city of Memphis, Tennessee."

The guaranty endorsed upon said bond is as follows:

"For value. received, the Memphis & Charleston Railroad Company assigns the within bond unto ———, and hereby guarantees the prompt payment of the principal and interest of said bond at the time and place indicated.

"Witness the seal of said company, and the signature of the President thereof, in conformity with a resolution of the Board of Directors and the By-Laws of the company.

"SAM TATE,

"President of the Memphis & Charleston R. R. Co."

It was shown that the city of Memphis, since 1874, was insolvent, and that no provision for the payment of the interest on the bonded debt of the city had been made, and none for the coupons in suit.

There was no controversy about the facts, nor as to plaintiff's being owner and holder of the coupons in question in this case.

The court held that in all cases in which the plaintiff held only detached coupons, and did not hold the bond or bonds from which they were detached, he had not the legal title to such coupons, and could

not maintain suit thereon in his own name, but must sue, if at all, in the name of his assignor, immediate or remote, who had the legal title to the bond or bonds from which said coupons were clipped.

In this holding we think his Honor erred, notwithstanding there are cases which support this view.

The bonds from which the coupons were clipped bind the city to pay "on presentation and surrender of the coupon." The Memphis & Charleston Railroad Company guarantee absolutely the principal and interest of said bonds "at the time and place indicated." Neither the bond nor guaranty, nor coupon directs that said coupon shall be paid only to the holder of the bond from which it was detached, nor to any particular person. But the bond obliges the city to pay "on presentation and surrender of the coupon." The obvious meaning of the contract is, that the "presentation and surrender" of the coupon entitles the holder to receive payment of it.

In Baxter, 404, it is held a coupon may be negotiated after it has been separated from the bond as an independent security, and it is not necessary to produce the bond to entitle the holder to recover, citing cases.

It is also held in same case that coupons are intended as evidences that the holder is entitled to receive the amount at the time and place specified, and whatever their form the legal effect is the same. See also 2 Baxt., 296.

This we think the sounder and more just rule, and as conforming to the real intent of the contract.

Taylor *v.* Railroad.

The plaintiff, it is shown, is the owner of the coupons, and the holder of them; that they have not been paid, and that the city of Memphis had made no provision for their payment at the time and place specified, and that defendant unconditionally guaranteed that the city should pay at the time and place designated. We are of opinion, therefore, that defendant is liable upon its guaranty for the amount of said several coupons.

These several suits were originally instituted before a justice of the peace, and judgments rendered by him in favor of the plaintiff, from which the defendant appealed to the circuit court.

Upon the rendition of judgment in said circuit court in favor of defendants, it was agreed by the parties that the justice's judgment, in all the cases, showed the true amount due upon said coupons, at the time of the rendition of said judgments, and that said justice's judgment should be taken as the true amount due therein at that time.

The judgment of the circuit court will be reversed, and a judgment will be rendered here, in each of said cases, affirming the justice's judgments, and for costs.